## STATE BOARD OF TAX APPEALS.

THE EWING CEMETERY ASSOCIATION, INC., PETITIONER,
v. EWING TOWNSHIP, RESPONDENT.

*Decided September 10, 1940.*

For the petitioner, *William N. Cooper* and *Frank H. Lawlon.*

For the respondent, *Hervey C. Scudder* and *George H. Bohlinger, Jr.*

QUINN, President. Petitioner is a non-profit cemetery association, duly incorporated under the Rural Cemeteries act. In or about the year 1933 it constructed a building within its cemetery property, situate in the respondent taxing district, to be used as an administration building and chapel. In April of that year, acting upon behalf of the association, its president procured permission of the State Department of Health to establish a crematory in the basement of the administration building, for the cremation of dead human bodies, and such a crematory was built therein and has since been maintained and operated by the cemetery association. The proceeds of the crematory go to meet the expense of operation of the cemetery generally. The question presented upon this appeal is whether the building, used for the various purposes set forth, was properly subjected to taxation by the

township for the year 1939, in view of the provisions of *R. S.* 54:4-3.9 (*N. J. S. A.* 54:4-3.9), providing that:

"Graveyards not exceeding ten acres of ground, and cemeteries and buildings for cemetery use erected thereon, and all mausoleums, vaults, crypts or structures intended to hold or contain the bodies of the dead, and solely devoted to or held for that purpose shall be exempt from taxation under this chapter."

The petitioner's appeal from an assessment levied upon the building for the year in question, claiming exemption therefor as a "building for cemetery use," was dismissed by the Mercer County Board of Taxation.

There appears to be no question that a structure built upon cemetery premises for administration and chapel purposes would be fairly comprised within the phrase, "buildings for cemetery purposes." Does the same result obtain where the basement of such a building is converted into a crematory, there being, apparently, no discontinuance of the original functions of the building at the same time? It appears to us entirely reasonable that it should, where, as is here the case, facilities for the burial of the cremated ashes are made available by petitioner in special plots for that purpose, or for their keeping in urns placed in niches of the same building. Whether or not the process of cremation is subject to assimilation, under present day cemetery practices, into the proper functions of a modern cemetery, so as to make a building exclusively devoted thereto by a cemetery, a "building for cemetery use," within the statute, need not here be determined. We think it is sufficient to say that a building already devoted to undeniable cemetery uses was not rendered any the less a cemetery building by the use of its basement for non-profit cremation purposes. It is significant that the exemption statute, here in question, as distinguished from other exemption legislation, does not require that the buildings shall be *exclusively* devoted to cemetery uses. See *Township of Cranford* v. *Cranford Legion Holding Co., Inc.* (*State Board*), filed November 10th, 1936.

Respondent urges upon us that the operation of a crematory is not within petitioner's proper corporate powers. If

this is so, it is a matter for the attention of the attorney-general, by *quo warranto,* but not the occasion for any departure by this board from the letter of the statute, expressly granting exemption from taxation to buildings substantially devoted (as we construe the act) to cemetery uses.

The judgment of the Mercer County Board is reversed, and the assessment ordered canceled.